Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ROY M. BEERS, Respondent, for Compensation under the Workmen's Compensation Law, v. BEERS BROTHERS, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, December 28, 1917.

**Workmen's Compensation Law — right of claimant to compensation for Sunday preceding Monday on which he went to work.**

Subdivision 1 of section 14 of the Workmen's Compensation Law contemplates that the wages are earned in three hundred days, and, therefore, excludes Sundays. Hence, in the absence of evidence that claimant usually worked Sundays, he is not entitled to compensation for the Sunday preceding the Monday on which he went to work.

The agreement of the parties by providing for one week and four days recognized the fact that the claimant did not usually work Sundays, and the Commission, under section 20 of the Workmen's Compensation Law, should have approved of the agreement.

APPEAL by the defendants, Beers Brothers and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 9th day of May, 1917.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken* of counsel], and *Robert W. Bonynge,* counsel to the Commission, for the respondents.

KELLOGG, P. J.:

The question is whether the claimant is entitled to compensation for the Sunday preceding the Monday on which he went to work. By subdivision 1 of section 14 of the Workmen's Compensation Law, applicable to this case, the average annual earnings consist of three hundred times the average daily wage. The subdivision contemplates that the wages are earned in three hundred days and, therefore, excludes Sundays. In the absence of evidence that the employee usually worked Sundays, he is not entitled to compensation for that day. The agreement of the parties by providing for one week and four days recognized the fact that he did not usually work Sundays. Under section 20 (as amd. by Laws of 1915, chap. 167) the Commission should have approved of the agreement.

The award is, therefore, modified by awarding compensation for one week and four days, and as modified affirmed.

All concurred.

Award modified by awarding compensation for one week and four days, and as modified affirmed.